UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALVIN HEGGE,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>        Defendants. | CASE NO. C12-5795 BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND REMANDING CASE |

This matter comes before the Court on Defendant United States of America's ("Government") motion to dismiss (Dkt. 8) and Plaintiff Allen Hegge's ("Hegge") amended complaint (Dkt. 16).  The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On August 9, 2012, Hegge filed a notice of claim in the Grays Harbor County Small Claims Court alleging that the named defendants interfered with his rights to serve defendants named in Hegge's other small claims action.  Dkt. 1, Exh. A ("Complaint").  Hegge named Postmaster General Patrick A. Donahue ("Donahue") as a defendant.  *Id*.

On September 6, 2012, Donahue removed the matter to this Court.  Dkt. 1.  On October 2, 2012, the Government filed a notice of substitution of the United States of

America for Donahue because Donahue was acting within the scope of his employment at all times relevant to Hegge's claims.  Dkt. 7.

On October 2, 2012, the Government filed a motion to dismiss.  Dkt. 8.  On October 23, 2012, Hegge responded (Dkt. 15) and filed an amended complaint (Dkt. 16).  In the amended complaint, Hegge's claims are substantially the same and he has added the attorneys who have appeared on behalf of some named defendants.  *Id.*

## II. DISCUSSION

**A.     The Government's Motion**

The United States of America can be sued only to the extent that it has waived its sovereign immunity.  *United States v. Orleans*, 425 U.S. 807, 813–814 (1976); *see also Valdez v. United States*, 56 F.3d 1177, 1179 (9th Cir. 1995); *United States v. Testan*, 424 U.S. 392, 399 (1976) (Waiver of sovereign immunity cannot be implied); *United States v. King*, 395 U.S. 1, 4 (1969).  The Federal Tort Claims Act ("FTCA") is a limited waiver of sovereign immunity, granting district courts jurisdiction in certain actions sounding in tort against the United States for injuries caused by federal employees under circumstances where a private person would be held liable under the law of the state where the injury occurred.  28 U.S.C. §§ 2674, 1346(b).

The "postal service" exception set forth under 28 U.S.C. § 2680(b) is an express limitation on the FTCA's waiver of sovereign immunity.  Under this exception, the United States is not liable for "any claim arising out of the loss, miscarriage or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b); *Anderson v. United States*

1  *Postal Service*, 761 F.2d 527, 528 (9th Cir. 1985) (Court properly dismissed tort claim
2  against postal service arising out of loss of package).
3      In this case, Hegge's cause of action for the alleged negligent transmission of mail
4  is not actionable against the United States. Under 28 U.S.C. § 2680(b), the United States
5  has not waived its sovereign immunity as to negligently transmitted mail and may not be
6  held liable for what allegedly occurred when he tried to serve.  This analysis applies to
7  Hegge's original claim as well as his claim in the amended complaint.  Therefore, the
8  Court grants the Government's motion and dismisses Hegge's claim against the
9  Government with prejudice.
10 **B.     Remand**
11     If at any time before final judgment it appears that the district court lacks subject
12 matter jurisdiction, the case shall be remanded.  28 U.S.C. § 1447(c).
13     The Court has dismissed the sole basis for subject matter jurisdiction.  Therefore,
14 the Court remands the matter back to state court.

### III. ORDER

16     Therefore, it is hereby **ORDERED** that the Government's motion to dismiss (Dkt.
17 8) is **GRANTED** and the Clerk shall remand the matter to Grays Harbor County District
18 Court, Dept. 2.  All pending motions shall be removed from the Court's calendar.
19     Dated this 26th day of October, 2012.

BENJAMIN H. SETTLE
United States District Judge